# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LARRY R. ZARLING,**

                    **Plaintiff,**

**v.**                                         **Case No. 04-C-141**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security**
**Administration,**

                    **Defendant.**

---

# DECISION AND ORDER

---

The plaintiff, Larry R. Zarling ("Zarling"), moves this Court to hold the Commissioner of Social Security Administration in contempt for failing to comply with the Court's instructions as contained in a remand order. The Court finds that this motion is prematurely brought and, even if ripe for adjudication, Zarling has failed to muster clear and convincing proof of the Defendant's failure to comply with the Court's order. Accordingly, Zarling's motion is denied.

I.      BACKGROUND

Previously, Zarling filed several applications for disability benefits with the Social Security Administration ("SSA"). His third such application was denied on June 6, 2000. Zarling subsequently applied for disability benefits on November 1, 2000, but benefits were

denied by an administrative law judge ("ALJ") on January 10, 2001, on the basis of *res judicata*. Dissatisfied with this outcome, Zarling sought review before the Appeals Council. He then filed the instant action seeking judicial review.

In this Court, the parties filed a joint motion requesting the Court to remand the case to the defendant, the Commissioner of SSA ("Commissioner"). This joint motion stemmed from the SSA's determination that the ALJ had improperly applied *res judicata*. The motion stated that it was necessary to conduct further administrative proceedings on remand, "including a re-hearing on the merits and the issuance of a new decision." (Pl. Ex. A.) On June 23, 2004, the Court issued its order (the "Remand Order") pursuant to sentence four of 42 U.S.C. § 405(g), borrowing the above-quoted language from the parties' joint motion. (Pl. Ex. B.)

Upon remand, the Appeals Council, acting for the Commissioner, remanded the matter to the ALJ. The Appeals Council noted that Zarling's November 1, 2000 application could have been construed as a request to reopen under 20 C.F.R. § 404.988(a).[1] This regulation permits the reopening of a claim for any reason if the request is made within 12 months of the initial determination of the filing. The ALJ had focused on the § 404.988(b) requirement

---

[1]Section 404.988(a) and (b) of the Code of Federal Regulations reads:

A determination, revised determination, decision, or revised decision may be reopened–
(a) Within 12 months of the date of the notice of the initial determination, for any reason;
(b) Within four years of the date of the notice of the initial determination if we find good cause . . . to reopen the case . . . .

20 C.F.R. § 404.988.

2

of showing good cause for reopening within four years of the original filing, but he had neglected to consider the November 1, 2001 complaint as a request to reopen pursuant to § 404.988(a). In remanding to the ALJ, the Appeals Council stated that "further consideration regarding the issue of reopening is required" and "the Administrative Law Judge will offer the claimant [Zarling] the opportunity for a hearing on the merits of the case . . . ." (Pl. Ex. D.)

On February 10, 2005, Zarling's counsel appeared before the ALJ, prepared to discuss the merits of the case. The ALJ, however, indicated that he would proceed to consider whether there was good cause to reopen the case. Zarling's counsel submitted a letter to the ALJ on March 23, 2005, reminding him that both the parties' joint motion and this Court's Remand Order stated that there should be a re-hearing on the merits. The ALJ, in an April 4, 2005 letter, stated that the "issue in this matter is whether there is good cause to open the prior application." (Pl. Ex. F.)

Zarling now seeks an order of contempt against the Commissioner on the grounds that the ALJ has ignored the instructions of the Remand Order by not hearing the merits of the case and addressing solely whether there is good cause to reopen the claim. The Commissioner contends that a contempt order is premature because the ALJ has not yet ruled on the matter. The Commissioner further argues that, even assuming the ALJ disobeyed this Court's order, the appeals process dictates that Zarling first seek review by the Appeals Council if he thinks the ALJ has erred.

## II.   ANALYSIS

There are two types of contempt: civil and criminal. *United States v. Jones*, 880 F.2d 987, 989 (7th Cir. 1989).   Civil contempt sanctions are "designed to compel future compliance with a court order" and are "avoidable through obedience." *Int'l Union v. Bagwell*, 512 U.S. 821, 827 (1994).   Because Zarling asks the Court to compel the Commissioner's compliance with the Remand Order, he requests an order of civil contempt. Other district courts have considered the use of the contempt power against the head of an administrative agency. *See, e.g., Iyengar v. Barnhart*, 281 F. Supp. 2d 38 (D.D.C. 2003); *Hinton v. Sullivan*, 737 F. Supp. 232 (S.D.N.Y. 1990).

A court has the inherent power to force compliance with its lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999).   This ability is codified in Section 401(3) of Title 18 of the United States Code, which allows a court to hold in contempt anyone who exhibits "disobedience or resistance to its lawful writ, process, order, rule, decree, or command."   18 U.S.C. § 403.   However, an individual may only be held in civil contempt if he has "violated an order that sets forth in specific detail an unequivocal command from the court." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001).   Such a violation must be established by clear and convincing proof.[2] *Id.*

---

[2]Zarling, in his motion, identifies three cases that provide "authority" for his motion.   For one case, Zarling provides a one-sentence parenthetical explanation.   The other two cases are listed only by citation without any treatment or analysis.   (Mot. for Contempt at 3-4.)   These cases are clearly factually different from those presented in the instant motion, though all discuss the power of courts to hold an administrative agency in contempt.

4

Zarling has not offered "clear and convincing" evidence that the actions of the SSA have resulted in a violation of the Remand Order. In the instant case, the Court's order was unequivocal *on the need for a re-hearing on the merits* of Zarling's case. "The parties agree that a remand . . . is appropriate for further administrative proceedings, including a re-hearing on the merits and the issuance of a new decision." (Pl. Ex. B.) While the proceedings before the ALJ on February 10, 2005 as well as his April 4, 2005 letter may indicate that he is still focusing on good cause to reopen rather than the merits of Zarling's case, these communications alone do not constitute evidence of contempt. The ALJ may yet inquire into the merits of the case; Zarling's belief that the ALJ is on the verge of contravening the Court's order does not mean that he *is* in contempt. Though the ALJ's actions thus far may be questionable, the Court's order required further administrative procedures, "*including* a rehearing on the merits." (Pl. Ex. B) (emphasis added). Thus, the plain wording of the Court's order does not preclude other procedures, but rather mandates that a rehearing on the merits must be among the steps taken on remand.[3]

---

[3]The Defendant, in her "reply" to Zarling's motion, states that "[t]he Appeals Council would have first priority to address any errors made by the ALJ in the adjudication of this case, and Plaintiff may not circumvent the Appeals Council by prematurely requesting intervention from this Court." (Def.'s Reply to Pl.'s Mot. for Contempt at 2.) The Court's Remand Order requires, in addition to a re-hearing on the merits, the "issuance of a new decision."

Though Zarling does not respond to the Defendant's argument, the term "decision" may be ambiguous; it could refer to the new ruling of the ALJ or a "final decision" subsequent to review by the Appeals Council. In any event, the ALJ has not rendered a decision since the Court's Remand Order.

5

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Zarling's Motion for Contempt (Docket No. 10) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 25th day of August, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

6